IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LARRY J. GRADY, AIS # 143344, ) | |
| ) | |
|    Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 3:22-cv-508-ECM |
| ) | (WO) |
| KEVIN WHITE, *et al.*, ) | |
| ) | |
|    Respondents. ) | |

**O R D E R**

Now pending before the Court is Petitioner Larry Grady's *pro se* notice of appeal (doc. 9) which the Court construes as containing a motion for a certificate of appealability and a motion to appeal *in forma pauperis*.

A certificate of appealability is necessary before a petitioner may pursue an appeal in a habeas corpus proceeding. *See* 28 U.S.C. § 2253(c). To mandate the issuance of a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Further, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In making this determination as to good faith, the Court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962), or "has no substantive merit," *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 1981) (per curiam).

Applying these standards, the Court finds that Grady has not made a substantial showing of the denial of a constitutional right.  In addition, the Court is of the opinion that Grady's appeal has no legal or factual basis and, accordingly, is frivolous and not taken in good faith. *See Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam).

Accordingly, it is

ORDERED that Grady's motion for leave to appeal i*n forma pauperis* and motion for a certificate of appealability (doc. 9) are DENIED.

Done this 26th day of January, 2023.

       /s/  Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE